## JULIUS SANDERS V. STATE

No.31,945. May 11, 1960

*George E. Miller,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Jno N. Hughes,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape; the punishment, 10 years.

At the trial and in a police lineup the prosecutrix positively identified appellant as the man who, shortly after 1 P.M., was driving a black Chevrolet automobile, license Number SX 7734, and who asked her if she wanted a ride and said he knew her.

The prosecutrix testified that appellant had a knife in his hand and threatened to kill her, and after parking the car, ravished her while holding the knife at her throat.

The prosecutrix further testified that after consummating the act of intercourse appellant continued to tell her that he should kill her and throw her body in the bushes; that she later succeeded in getting away from him and flagged a passing car; that Glenn, the driver of said car, took her to the police station; that she wrote the license number of the car on her cigarette package and gave it to the officers.

The evidence further shows that the prosecutrix reported to Glenn and to the police that she had been raped. The evidence also shows that the Chevrolet automobile in which she was ravished belonged to appellant.

Appellant testified that he had never seen the prosecutrix prior to the trial. His testimony, supported by witnesses called by him, was to the effect that at about 11:45 A.M. the Chevrolet was parked where he left it the night before; that no key was needed to start it; that he went into a lounge with one David Prince and when he came out about 2:30 P.M. his car had been moved.

Floyd E. McDonald, chemist and toxicologist for the city of Houston, found semenal stains on the panties worn by the prosecutrix; compared pubic hairs he found on a handkerchief taken from appellant's automobile and found them to have the same characteristics as pubic hair from the prosecutrix. He also found hairs taken from the front seat of appellant's automobile to be pubic hair having the same characteristics as pubic hair taken from appellant.

The first ground for reversal is predicated upon the admission of the testimony of Mr. McDonald as to the results of his examination of the panties and hair, the contention being that there was insufficient evidence to trace and identify the exhibits examined by him.

Th prosecutrix identified the panties as those worn by her on the occasion. She testified that she placed them in the waste paper basket and three days later delivered them to Officer Brannon. She also identified the envelopes which Mr. McDonald received, and testified that she placed hair from her head and her privates in the envelopes, sealed and marked them and delivered them to Officer Brannon.

Officer Brannon testified that he received the panties and the sealed envelopes from the prosecutrix; that he found a handkerchief and some hair in the automobile and placed them in sealed envelopes, and that the separately sealed envelopes and the panties were placed by him in a larger envelope which he sealed with scotch tape and placed in the locker in the Homicide Office at the police station. He identified the envelopes, which he had marked for that purpose, at the trial.

Mr. McDonald testified that the envelopes were sealed when handed to him by Mr. Swatzell.

K. D. Swatzell, under examination by defense counsel, identified the exhibits by the case number on the larger envelope and the records.

In view of the identification of the sealed and marked exhibits by witnesses at the trial, we find no error in the admission of the testimony of the chemist as to his examination thereof.

The remaining ground for reversal is the contention that the testimony of the witness Swatzell was hearsay and should not have been admitted.

Officer Swatzell testified that he had no independent recollection regarding the envelopes exhibited to him and did not know if they were sealed, but from the records and the case number he turned the envelopes over to McDonald. His testimony added nothing to the testimony already before the jury from Mr. McDonald, that Mr. Swatzell handed him the envelopes and that they were sealed.

The judgment is affirmed.